THE PEOPLE OF THE STATE OF NEW YORK ex rel. THOMAS RYAN, Respondent, *v.* THE BOARD OF SUPERVISORS OF WASHINGTON COUNTY, Appellant.

UNCONSTITUTIONALITY OF ABOLITION OF JUSTICES' CRIMINAL JURISDICTION — TOWN OF FORT EDWARD — DEPUTY SHERIFF. Since each of sections 19 and 20 of chapter 22 of the Laws of 1896 is unconstitutional and void, as part of a plan attacking the constitutional office of justice of the peace in the town of Fort Edward, the provisions of section 19 which undertake to deprive deputy sheriffs of the right to fees for services rendered in the justices' criminal matters are inoperative, independently of the question whether a deputy sheriff is a constitutional officer.

*People ex rel. Ryan* v. *Supervisors,* 17 App. Div. 165, affirmed.

(Argued January 24, 1898; decided March 8, 1898.)

APPEAL from an order of the Appellate Division of the Supreme Court in the third judicial department, entered August 27, 1897, affirming an order of the Special Term directing the issue of a peremptory writ of mandamus.

The facts, so far as material, are stated in the opinion.

*R. O. Bascom* for appellant. The act is properly entitled. (*Wenzler* v. *People,* 58 N. Y. 516; *Sullivan* v. *Mayor, etc.,* 53 N. Y. 652; *Sweet* v. *City of Syracuse,* 129 N. Y. 331; *Astor* v. *Arcade R. Co.,* 113 N. Y. 93.) The act is not offensive to the provisions of section 18 of article 6 of the Constitution. (*Sill* v. *Vil. of Corning,* 15 N. Y. 297;

*Brandon* v. *Avery*, 22 N. Y. 469 ; *People ex rel.* v. *Duffy*, 49 Hun, 276 ; *People ex rel.* v. *Porter*, 90 N. Y. 69 ; Code Crim. Pro. §§ 56, 57 ; *Koch* v. *Mayor, etc.*, 152 N. Y. 72 ; Const. N. Y. art. 6, § 17.) The act in question does not offend section 18 of article 3 of the Constitution. (L. 1892, ch. 686, § 182 ; *People ex rel.* v. *Warner*, 7 Hill, 81 ; 2 Den. 272 ; 3 Am. & Eng. Ency. of Law [1st ed.], 750.)

*Lewis E. Carr* and *Edgar Hull* for respondent. The writ of mandamus was an appropriate remedy, because the board of supervisors did not audit the bill, or attempt to do so. (L. 1892, ch. 686, § 230 ; *People ex rel.* v. *Suprs. Delaware Co.*, 45 N. Y. 196.) The act of 1896 is invalid because it attempts to destroy an office not in the power of the legislature to abolish, by relieving the officer from the duties of his office and prohibiting him from receiving his statutory fees for services therein. (Code Crim. Pro. §§ 151, 154, 156 ; Const. N. Y. art. 10, § 1 ; *People ex rel.* v. *Keeler*, 29 Hun, 175 ; *Warner* v. *People ex rel.*, 2 Den. 272 ; *People ex rel.* v. *Draper*, 15 N. Y. 532 ; *People ex rel.* v. *Albertson*, 55 N. Y. 51 ; *People* v. *Raymond*, 37 N. Y. 428 ; *State* v. *Brunts*, 26 Wis. 414 ; *Matter of Mayor, etc.*, 99 N. Y. 569 ; *Met. B. of Health* v. *Heister*, 37 N. Y. 661 ; *King* v. *Hunter*, 65 N. C. 603.)

VANN, J. This case is a companion to one argued with it involving the same principle and already decided. (*People ex rel. Burby* v. *Howland et al.*, 155 N. Y. 270.) The relator in that case was a justice of the peace of the town of Fort Edward, in Washington county, while the relator in this is a deputy of the sheriff of that county. Each claimed compensation for services rendered in criminal proceedings in said town, by the one as justice of the peace and by the other as deputy sheriff. Both claims were rejected when presented to the proper authorities, not upon the merits, but upon the ground that there was no power to audit or allow the same by reason of sections 19 and 20 of chapter 22 of the Laws of 1896. In

deciding the case where a justice of the peace was relator, we held that those sections were void because they attacked and partially destroyed an office protected by the Constitution. It is claimed in this case that, as a deputy sheriff is not a constitutional officer, the act is valid and binding as to him. Without discussing the question whether a deputy sheriff has any existence apart from the constitutional officer who appoints him, we recognize no distinction in principle between the case already decided and that now under consideration, because we regard each of said sections as a part of a plan to undermine the office of justice of the peace in the town of Fort Edward. We held in the other case, and we repeat the holding in this, that those sections are unconstitutional and void, because they violate the spirit of the organic law of the state.

The order should be affirmed, with costs.

All concur, except O'BRIEN, J., who reads for reversal (see p. 284), and PARKER, Ch. J., and HAIGHT, J., who concur with O'BRIEN, J.

Order affirmed.